**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
───────────────────────────────

**JOSEPH HENNELLY,**

                    **Plaintiff,**              **20-cv-4786 (JGK)**

        **- against -**                         <u>**MEMORANDUM OPINION AND**</u>
                                                <u>**ORDER**</u>
**KILOLO KIJAKAZI, ACTING COMMISSIONER**
**OF SOCIAL SECURITY,[1]**

                    **Defendant.**
───────────────────────────────

**JOHN G. KOELTL, District Judge:**

        The plaintiff, Joseph Hennelly, brought this action against
the Commissioner of Social Security for past-due Social Security
benefits. The plaintiff was successful in the action and was
awarded past-due benefits in the amount of $217,582.00. Bowes
Decl., ECF No. 24, ¶ 20. The plaintiff's counsel now seeks
attorney's fees pursuant to 42 U.S.C. § 406(b), requesting 25%
of the amount of past-due benefits paid to the claimant as
provided for by the statute. For the following reasons, the
motion for attorney's fees is **granted.**

                              **I.**

        Unless otherwise noted, the following facts are taken from
the Social Security Administration Administrative Record, ECF
No. 7 ("Administrative Record"), and are undisputed.

───────────────────

[1] The complaint named Andrew Saul, then the Commissioner of Social Security,
as the defendant. Compl., ECF No. 1. Kilolo Kijakazi, the current Acting
Commissioner of Social Security, is automatically substituted for Saul
pursuant to Federal Rule of Civil Procedure 25(d).

On May 27, 2017, the plaintiff filed an application for Social Security Disability Insurance ("SSDI") benefits, which the Social Security Administration ("SSA") denied on October 11, 2017. Admin. Rec., ECF No. 7, at 79. The plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), and a hearing was held on January 8, 2019. Id. at 27, 84. The ALJ found that the plaintiff was not disabled. Id. at 7. The Appeals Council denied the plaintiff's request for review. Id. at 1.

On June 12, 2020, the plaintiff retained counsel and signed a retainer agreement providing that the contingency fee paid to the plaintiff's counsel would be "one-quarter (i.e., 25%) of all past due benefits" awarded to the plaintiff. Bowes Decl., Ex. A. On June 22, 2020, the plaintiff filed this action in federal court, seeking past-due Social Security benefits. ECF No. 1.

On March 26, 2021, the plaintiff filed a motion for judgment on the pleadings. ECF No. 13. The parties then agreed to remand the case to the Commissioner of Social Security for further administrative proceedings. ECF No. 17. On September 9, 2021, the parties also stipulated that the plaintiff should be awarded attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, in the amount of $6,817.00. ECF No. 22.

On remand, the ALJ found that the plaintiff was disabled and approved the plaintiff for SSDI benefits. Bowes Decl. ¶ 17.

On November 27, 2021, the SSA provided notice that the
plaintiff's past-due benefits totaled $217,582. Id. ¶ 20. The
SSA withheld $54,395.73, 25% of the total benefits, to pay the
plaintiff's representative's fee. Id., Ex. C, at 3. In this
motion, the plaintiff's counsel now requests attorney's fees in
the amount of $54,395.50 pursuant to 42 U.S.C. § 406(b).[2] Id.
¶ 42. The plaintiff's counsel concedes that the plaintiff is
"entitled to a credit" of the $6,817.00 EAJA fee award. Id.
¶ 43.

## II.

The Social Security Act provides that "[w]henever a court
renders a judgment favorable to a claimant . . . who was
represented before the court by an attorney, the court may
determine and allow as part of its judgment a reasonable fee for
such representation, not in excess of 25 percent of the total of
the past-due benefits to which the claimant is entitled by
reason of such judgment."[3] 42 U.S.C. § 406(b)(1)(A). A
contingent-fee agreement is the "primary means by which fees are
set for successfully representing Social Security benefits
claimants in court." Gisbrecht v. Barnhart, 535 U.S. 789, 807
(2002). Because "a successful social security claimant evaluates

---

[2] Although the SSA withheld $54,395.73, the plaintiff's counsel seeks only
$54,395.50.
[3] Unless otherwise noted, this Memorandum Opinion and Order omits all
alterations, omissions, emphasis, quotation marks, and citations in quoted
text.

and pays his own attorney, a court's primary focus should be on the reasonableness of the contingency agreement in the context of the particular case." Wells v. Sullivan, 907 F.2d 367, 371 (2d Cir. 1990). Thus, "§ 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases," with the one limit that "[a]greements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits." Gisbrecht, 535 U.S. at 807.

Several factors are considered in evaluating the reasonableness of contingency fee arrangements. Courts should consider "a) the character of the representation and the result the representative achieved, b) whether a claimant's counsel is responsible for undue delay, and c) whether there was fraud or overreaching in the making of the contingency agreement." Fields v. Kijakazi, 24 F.4th 845, 849 (2d Cir. 2022). At bottom, however, district courts "are accustomed to making reasonableness determinations in a wide variety of contexts, and their assessments in such matters . . . ordinarily qualify for highly respectful review." Gisbrecht, 535 U.S. at 808.

Courts must also consider whether a contingency fee award would result in a windfall. Fields, 24 F.4th at 849. To evaluate whether such an award would constitute a windfall, factors to consider are 1) "the ability and expertise of the lawyers," 2)

4

"the nature and length of the professional relationship with the claimant," 3) "the satisfaction of the disabled claimant," and (4) "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result." Id. at 854-55.

The contingency fee arrangement in this case is reasonable. First, the plaintiff's counsel seeks an award below the 25-percent cap set by § 406(b). Second, neither party claims that the plaintiff's counsel's representation of the plaintiff has been substandard. The plaintiff's counsel was instrumental in securing benefits on behalf of the plaintiff in a difficult case where the administrative forum previously denied the plaintiff's claim for SSDI benefits. Third, there is no indication that the plaintiff's counsel was responsible for any undue delay. Finally, there is no evidence nor allegation that the plaintiff's counsel acted fraudulently or overreached when initially making the contingency arrangement.

Nor does the contingency fee provide a windfall for the plaintiff's counsel. The plaintiff's counsel seeks an award that would amount to a non-contingency rate of $1,705.16, Bowes Decl. ¶ 33. Such an award, while high, is not unprecedented. See Eric K. v. Berryhill, No. 15-cv-845, 2019 WL 1025791, at *3 (N.D.N.Y. Mar. 4, 2019) (awarding fees at an effective hourly rate of $1,500); Kazanjian v. Astrue, No. 09-cv-3678, 2011 WL 2847439,

at *2 (E.D.N.Y. July 15, 2011) (awarding fees at an effective hourly rate of $2,100). In any event,

> rejecting an award based solely on the de facto hourly rate would ignore the numerous other objectives this scheme was intended to promote, including efficient work by experienced attorneys, appreciation for the risks involved in Social Security cases, incentive to represent litigants who could not otherwise afford counsel, and respect for fee agreements.

Caudy v. Colvin, No. 13-cv-2314, 2020 WL 5440471, at *3 (S.D.N.Y. Sept. 9, 2020). The plaintiff's counsel represents that he has substantial experience handling Social Security cases, having represented over 2,000 claimants at administrative hearings and litigated over 1,000 cases challenging denials of benefits in federal court. Bowes Decl. ¶ 37. The plaintiff's counsel was efficient, spending a total of 31.9 hours on this case, during which the plaintiff's counsel reviewed the 426-page administrative record and drafted a twenty-five-page memorandum of law in support of the plaintiff's claim. Id., Ex. B. The plaintiff's counsel's efficiency should not be penalized. See Jeter v. Astrue, 622 F.3d 371, 380-81 (5th Cir. 2010) ("[W]e do not read Gisbrecht's 'windfall' as support for the proposition that experienced, competent counsel should be punished for accomplishing an arduous task in a shorter span of time than less-experienced, less-aggressive counsel.").

The plaintiff's counsel also had a significant relationship with the plaintiff. While the plaintiff's counsel did not handle

6

the administrative proceedings before the Social Security
Administration, Bowes Decl. ¶ 25, the plaintiff's counsel has
continuously represented the plaintiff after being retained
almost three years ago. Id. ¶¶ 11-12. Nothing indicates that the
plaintiff is dissatisfied by this representation nor by any of
the services provided by the plaintiff's counsel. Finally, it is
clear that, absent counsel, an award of benefits was highly
uncertain, given that the plaintiff's application for SSDI
benefits was initially denied by the ALJ and the Appeals
Council. Accordingly, the fee requested by the plaintiff's
counsel is reasonable.

### III.

The plaintiff's counsel has already been awarded attorney's
fees under the EAJA in the amount of $6,817.00. ECF No. 22. The
plaintiff's counsel asks for his § 406(b) fees to be offset by
the amount already awarded under the EAJA. Bowes Decl. ¶ 43.
However, it is clear that the plaintiff's counsel must return to
the plaintiff the lesser amount of any two awards of attorney's
fees awarded under § 406(b) and the EAJA where those fees were
awarded for the same work. See Gisbrecht, 535 U.S. at 798
("Congress harmonized fees payable by the Government under EAJA
with fees payable under § 406(b) out of the claimant's past-due
Social Security benefits in this manner: Fee awards may be made
under both prescriptions, but the claimant's attorney must

7

refund to the claimant the amount of the smaller fee."). Accordingly, the plaintiff's counsel must refund $6,817.00 to the plaintiff, because it is the lesser of the amounts due to the plaintiff's counsel under both the EAJA and § 406(b).

## CONCLUSION

The Court has considered all the arguments of the parties. To the extent not specifically addressed above, the arguments are either moot or without merit. The plaintiff's motion for attorney's fees is **granted**. The plaintiff's counsel is to be awarded $54,395.50 pursuant to 42 U.S.C. § 406(b), which represents 25% of $217,582.00, the total amount of past-due benefits received by the plaintiff. The plaintiff's counsel shall refund $6,817.00, the amount in attorney's fees the plaintiff's counsel received under the EAJA, to the plaintiff. The Clerk is directed to close ECF No. 23.

**SO ORDERED.**

Dated:      **New York, New York**
            **June 5, 2023**

_____
        **John G. Koeltl**
**United States District Judge**